CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

SEP 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Z. Bright, DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 7:06cr00063-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| RICKY EDWARD DAVIS. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Ricky Edward Davis, proceeding pro se, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 2007 conviction and sentence for possessing a firearm as a convicted felon. Davis argues that counsel provided ineffective assistance in failing to notify him that the United States Court of Appeals for the Fourth Circuit affirmed his appeal and in failing to file a petition for writ of certiorari to the Supreme Court of the United States. Davis requests that the court "reset" the clock for him to file a petition for writ of certiorari. The court finds that Davis had no constitutional right to the assistance of counsel in filing a petition for writ of certiorari and that the relief Davis seeks is not available from this court. Therefore, the court dismisses his § 2255 motion.[1]

I.

Davis pled guilty, pursuant to a written plea agreement, to possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). Finding that a departure was warranted because Davis's criminal history category VI under-represented the seriousness of his criminal history and failed to adequately reflect the likelihood that he

---

[1] The court notes that this dismissal is without prejudice to Davis's ability to file a motion seeking the relief he requests in the United States Court of Appeals for the Fourth Circuit. In United States v. Smith, 321 F. Appx. 229 (4th Cir. 2008), after the district court denied defendant's § 2255 motion complaining that counsel failed to carry out defendant's request to file a petition for a writ of certiorari, the Fourth Circuit vacated the district court's memorandum opinion and order, construed the § 2255 motion as a motion to recall the mandate, and granted that motion.

would commit future crimes, the court departed upward from the armed career criminal guideline range of 188-235 months and imposed a sentence of 260 months incarceration pursuant to United States Sentencing Guidelines Manual § 4A1.3. Davis, through court-appointed counsel, filed a timely appeal, arguing that his sentence was unreasonable. On January 17, 2008, the Fourth Circuit affirmed Davis's sentence.[2] Neither Davis nor his counsel filed a petition for writ of certiorari with the Supreme Court.

Davis argues that counsel did not notify him that the Fourth Circuit had affirmed his sentence until over a year after the mandate had issued, and that despite Davis's instruction to do so, counsel failed to file a timely petition for writ of certiorari.[3] Counsel, by affidavit, states that he notified Davis in writing that the appeal had been affirmed less than three weeks after the court's memorandum opinion and order were entered. Counsel does not state whether Davis asked him to file a petition for writ of certiorari, but counsel concedes he does not recall discussing additional remedies Davis might have had after the Fourth Circuit affirmed his sentence. Counsel attaches copies of two letters which he states he or his office sent to Davis. One letter, dated February 4, 2008, encloses a copy of the Fourth Circuit's memorandum opinion and order and states that the Court of Appeals determined that Davis's sentence was not unreasonable and that the district court did not abuse its discretion. The second letter is dated February 13, 2008, and encloses a copy of the court's mandate. Neither letter advises Davis of his right to file a petition for writ of certiorari.

---

[2] The Fourth Circuit issued its mandate on February 8, 2008.

[3] In his initial petition, Davis claims that counsel was ineffective in failing to file a petition for writ of certiorari, but did not indicate whether he asked counsel to do so. In his response to the government's motion to dismiss, however, Davis argues that he requested counsel to file the petition for certiorari. The court need not determine Davis's credibility on this issue as it has no bearing on the outcome of the § 2255 proceeding.

2

## II.

Davis claims that counsel's performance was constitutionally deficient under the Sixth Amendment. Because Davis had no constitutional right to counsel beyond his first appeal, the court finds otherwise.

An indigent criminal defendant has a Sixth Amendment right to the assistance of counsel through his first appeal. See Anders v. California, 386 U.S. 738 (1967). He does not have a Sixth Amendment right to counsel in pursuing discretionary certiorari review in the Supreme Court. Ross v. Moffitt, 417 U.S. 600, 616–17 (1974); S.Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion.").

The position that a defendant may have a constitutional claim of ineffective assistance of counsel where an attorney fails to notify the defendant of the right to petition the Supreme Court for certiorari can be traced to Wilson v. United States, 554 F.2d 893 (8th Cir. 1977). In Wilson, the Eighth Circuit indicated that "[f]ailure to advise a defendant of his right to petition for certiorari in the Supreme Court violates his right to effective assistance of counsel as guaranteed by Fed. R. Crim. P. 44(a) and the Criminal Justice Act of 1964." Id. at 894. In *dicta*, the court opined that such an oversight by counsel "*may* also violate constitutional rights to effective assistance of counsel and due process of law." Id. (emphasis added).

Courts in other circuits addressing the same issue have been critical of Wilson.[4] For example, in Myers v. Peterson, 744 F. Supp. 976 (D. Or. 1989), the court noted the Eighth

---

[4] Courts in the Eighth Circuit continue to follow Wilson, despite subsequent Supreme Court decisions that courts in other circuits believe undermine the decision. However, in applying Wilson, courts in the Eighth Circuit highlight the violation of the Federal Rules of Criminal Procedure and the Eighth Circuit's Criminal Justice Act Plan, while minimizing Wilson's constitutional undertones. See, e.g., Syhavong v. United States, No. CR 03-40037, 2007 U.S. Dist. LEXIS 5740 at *6 (D.S.D. Aug. 3, 2007).

3

Circuit's tentative language with regard to the possibility of a constitutional violation. Myers, 744 F. Supp. at 979. In Wainwright v. Torna, 455 U.S. 586 (1982), moreover, the Supreme Court held that the right to counsel extends only to the first right of appeal.[5] Citing Wainwright and other Supreme Court cases decided after Wilson, the Fifth and Ninth Circuits reject the Eighth Circuit's approach.[6] See Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002) (holding that even though counsel failed to notify defendant timely of the outcome of his direct appeal, which time-barred him from filing a discretionary appeal, the "constitutionally secured right to counsel end[ed] when the decision by the appellate court [was] entered."); Miller v. Keeney, 882 F.3d 1428, 1432 (9th Cir. 1989) (holding "[i]f a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.").

Since Davis did not have a constitutional right to the assistance of counsel in seeking certiorari, no Sixth Amendment violation occurred when his attorney failed to notify him of the Fourth Circuit's ruling or failed to file a petition for writ of certiorari on his behalf.[7]

---

[5] The Court reiterated that holding in Coleman v. Thompson, 501 U.S. 722, 756 (1991) (stating it is well settled that "a criminal defendant has no right to counsel beyond his first appeal.").

[6] It should be noted that the Second Circuit, in Pena v. United States, 534 F.3d 92 (2d Cir. 2008), also agrees that there is a right to effective assistance of counsel in pursuit of first-tier appeals but not for discretionary appeals. Id. at 95 (citing Wainwright, 455 U.S. at 87–88). Pena reasoned that the different nature of a first-tier appeal versus a Supreme Court appeal demonstrates that the lack of a discretionary appeal may not be prejudicial to a petitioner. Pena cites the Supreme Court, noting that "first-tier review, according to the Court 'entails an adjudication on the merits,' and performs the role of 'error-correction,' while Supreme Court review is concerned with 'whether the subject matter of the appeal has significant public interest, whether the cause involves legal principles of major significance to the jurisprudence of the [Supreme Court], [and] whether the decision below is in probable conflict with [its] precedent.'" Id. at 95 (quoting Halbert v. Michigan, 545 U.S. 605, 611–12 (2005)). The Second Circuit further points out that the fact that an appeal may benefit a defendant does not make it constitutionally required. See id. (quoting Ross v. Moffitt, 417 U.S. 600, 616 n.7 (1974)). Thus, the Second Circuit justifies its decision by suggesting that discretionary appeal to the Supreme Court is qualitatively different from a first-tier appeal, and so failure of counsel to notify a client of this right may not meet the prejudice prong of Strickland v. Washington, 466 U.S. 688 (1984) even if it were to apply.

[7] Inasmuch as there was no constitutional deprivation, a Strickland v. Washington, 466 U.S. 688 (1984), analysis is unnecessary. See McGill v. United States, Nos. 0:05-821, 0:99-659, 2006 U.S. Dist. LEXIS 95712 (D.S.C. Jan. 25, 2006) (stating "[a]ny complaint Petitioner has as to counsel's actions . . . is not based in the Sixth Amendment to the

4

## III.

Although Davis has no constitutional right to effective assistance of counsel in filing a petition for writ of certiorari, he may have a remedy under the Fourth Circuit's Plan in Implementation of the Criminal Justice Act ("CJA Plan").[8] Where the court issues a judgment adverse to a defendant, the CJA Plan imposes a duty on counsel to notify the defendant, in writing, of his right to file a petition for writ of certiorari and, if the defendant so desires, to file a petition on his behalf. Wilkins v. United States, 441 U.S. 468, 469 (1979); Proffitt v. United States, 549 F.2d 910, 912 (4th Cir. 1976). Davis's counsel concedes he did not advise Davis of

---

United States Constitution. Therefore, the ineffective assistance of counsel test elucidated in Strickland v. Washington (citation omitted) does not appear to be the proper standard for measuring counsel's actions . . .").

[8] The Fourth Circuit's CJA Plan provides:

Appellate Counsel: Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:

If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.

If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

If the United States seeks a writ of certiorari to review a judgment of this court, counsel shall take all necessary steps to oppose the United States' petition. Similarly, in any proceeding brought pursuant to 28 U.S.C. §§ 2241, 2254, or 2255 which results in an order by this court, appointed counsel shall take those steps necessary, as set forth above, to protect the rights of the defendant in the Supreme Court.

Fourth Circuit CJA Plan, Part VI(B)(2); see also 18 U.S.C. § 3006A. Counsel does not allege, and court records do not indicate, that counsel moved to withdraw from representation of Davis. Accordingly, counsel is not relieved of any of his duties regarding the matter of certiorari review under the CJA Plan.

5

his right to file a petition for writ of certiorari.[9] Nevertheless, the relief Davis requests is not available from this court in a motion pursuant to § 2255. Therefore, the court dismisses Davis's § 2255 motion without prejudice.

Where counsel fails to fulfill his obligations under the CJA Plan with respect to the matter of certiorari, the appropriate remedy is for the Court of Appeals to vacate and reenter judgment to permit a defendant to file a timely petition for certiorari.[10] See Wilkins, 441 U.S. at 469; United States v. Smith, 321 F. Appx. 229, 232 (4th Cir. 2008); United States v. Masters, No. 91-66100, 1992 U.S. App. LEXIS 23345 (4th Cir. Sept. 22, 1992). Pursuant to § 2255, a district court has the authority to vacate its own judgment; however, the court obviously does not have authority to recall the Fourth Circuit's mandate. Therefore, the court cannot grant the appropriate relief in this matter. Accordingly, the court dismisses Davis's § 2255 motion without prejudice.

## IV.

For the reasons stated herein, the court dismisses Davis's motion pursuant to § 2255.

**ENTER**: This 23rd day of September, 2009.

UNITED STATES DISTRICT JUDGE

---

[9] In his affidavit, counsel does not address whether Davis asked him to file a petition for writ of certiorari. Davis makes that allegation for the first time in his response to the government's motion to dismiss. However, counsel concedes, and his letters confirm, that he did not advise Davis of his right to file a petition for writ of certiorari as required by the CJA Plan.

[10] Some district courts have adjudicated similar claims and dismissed them on the ground that the defendant cannot show prejudice as a result of counsel's violation of his duties under the CJA Plan. See Linton v. United States, Nos. 1:04cv57, 1:97cr22, 2007 U.S. Dist. LEXIS 21635 (N.D. W. Va. Mar. 26, 2007); McGill v. United States, Nos. 0:05-821, 0:99-659, 2006 U.S. Dist. LEXIS 95712 (D.S.C. Jan. 25, 2006); United States v. Eisenhardt, 10 F.Supp.2d 521 (D. Md. 1998). However, in Wilkins, 441 U.S. at 468, and Smith, 321 F. Appx. at 229, the courts did not address the issue of prejudice, but rather granted relief solely upon a finding of a violation of the CJA Plan. In this case, this court need not determine if a prejudice analysis is appropriate because the court cannot grant the appropriate relief.